IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRADLEY A. LAVITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-882-DRH-RJD |
| | ) | |
| ALAN J. DUNSTAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Joint Motion for Extension of Time to Conduct Discovery and File Dispositive Motions (Doc. 74). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff Bradley Lavite filed this action on August 5, 2016 pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants denied his rights secured under the First and Fourteenth Amendments to the United States Constitution. The Scheduling and Discovery Order entered by this Court set the close of discovery for August 4, 2017, and indicated that any dispositive motions were to be filed by August 18, 2017 (*See* Doc. 38). On August 16, 2017, after the discovery deadline passed, Defendants filed the motion now before the Court seeking an extension of the discovery and dispositive motion filing deadlines. Defendants indicated that due to the nature and extent of Plaintiff's allegations, as well as the number of Defendants, they required "significant time" beyond the deadline to conclude written and deposition discovery. Defendants also explained that this case had been delayed due to an appeal in the "underlying and parallel state court case."

Plaintiff timely responded to Defendants' motion, objecting to the relief requested. In particular, Plaintiff argued that the pendency of the state court case did not impair Defendants' ability to conduct discovery in this matter and Defendants have failed to demonstrate excusable neglect to warrant a continuance of the discovery deadline.

The Court held a hearing on Defendants' motion wherein counsel reiterated that they had failed to conduct discovery in this matter due to the attention being given to the state court case. Accordingly, the discovery deadline in this matter came and went with only the exchange of initial disclosures[1]. No written discovery has been exchanged and no depositions have been taken. Plaintiff is clear, however, that he does not need to conduct any additional discovery and is ready to take his case to trial.

## **Discussion**

Federal Rule of Civil Procedure 16(b) requires the Court to issue scheduling orders setting deadlines to complete discovery and file motions. Under Rule 16(b)(4), a schedule may only be modified for good cause and with the judge's consent. The proper method to seek an extension of discovery deadlines is to *timely* file a 16(b)(4) motion with the Court demonstrating good cause. The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith v. Howe Military Sch.*, No. 3:96-cv-790RM, 1997 WL 662506, *2 (N.D. Ind., Oct. 20, 1997). A litigant's inattention or error is not good cause by any standard. *Holstein v. Brill*, 987 F.2d 1268, 1271 (7th Cir. 1993).

---

[1] Defendants' initial disclosures were not timely served on Plaintiff. Plaintiff seeks sanctions concerning the late disclosure, which will be dealt with by separate order.

If the deadline for which an extension is sought has expired, Rule 6(b) allows a court to consider a motion for extension of time for "excusable neglect." FED. R. CIV. P. 6(b)(1)(B). An excusable neglect determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswich Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). When evaluating a claim of excusable neglect, courts should consider the danger of prejudice, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. It is widely accepted that neglect due to a busy schedule is not excusable. *Harrington v. City of Chi.*, 433 F.3d 542, 548 (7th Cir. 2006).

Here, Defendants have not demonstrated good cause or excusable neglect to warrant an extension of either the discovery or dispositive motion filing deadlines. Defendants explain that their attention and time were spent on the parallel state court case. This circumstance, however, does not excuse their obligation to meet the deadlines in this case. Indeed, there is no indication that any matter beyond their control hindered or prevented Defendants from engaging in discovery. Because the parties had more than eight months to complete discovery and Defendants have provided no reasonable explanation for their delay in engaging in the same, the Court cannot find good cause to continue the dispositive motion filing deadline, nor can the Court find excusable neglect to warrant a continuance of the discovery deadline. Accordingly, Defendants' Joint Motion for Extension of Time to Conduct Discovery and File Dispositive Motions (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 15, 2018**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**