IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRADLEY A. LAVITE,

Plaintiff,

v.

ALAN J. DUNSTAN, in his individual
Capacity and as Chairman of the
Madison County Board; JOSEPH D.
PARENTE, in his individual capacity and
as CountyAdministrator of Madison County,
Illinois; JOHN D. LAKIN, in his individual
Capacity and as Sheriff of Madison County,    Case No. 16-cv-882-DRH-RJD
Illinois; THOMAS GIBBONS, in his individual
capacity and as State's Attorney of Madison
County, Illinois; MADISON COUNTY,ILLINOIS,
an Illinois Municipality, and MADISON
COUNTY ILLINOIS SHERIFF'S DEPARTMENT,

Defendants.

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 106). Judge Daly recommends that the Court deny plaintiff's motions for sanctions (Docs. 76 &77), and deny defendants' motion to supplement (Doc. 103). Judge Daly also recommends that the Court grant defendants' motion to strike plaintiff's reply (Doc. 89) and deny defendants' motion to supplement their response to plaintiff's motion for sanctions (Doc. 103). The Report and Recommendation was entered on February 15, 2018. Plaintiff filed its objection to the Report and

Recommendation on February 27, 2018 (Doc. 107). Subsequent to plaintiff filing his objections, defendants filed a joint motion to strike the objections (Doc. 108), to which no response was filed. Based on the following, the Court, **GRANTS** defendants' joint motion to strike plaintiff's objection (Doc. 108), and **ADOPTS** the Report and Recommendation in its entirety.

## Background[1]

Plaintiff Bradley Lavite brought the present lawsuit against defendants Alan J. Dustan, Joseph D. Parente, John D. Lakin, Thomas Gibbons, Madison County, Illinois and Madison County Sheriff's Department, alleging First and Fourteenth Amendment constitutional violations pursuant to 42 U.S.C. § 1983 (Doc. 56). On August 16, 2017, plaintiff filed a Rule 37 motion for sanctions (Doc. 76) and a Rule 37(e) motion for finding that county defendants acted with intent to deprive plaintiff access to electronically stored information that should have been preserved in anticipation of this litigation (Doc. 77). On September 19, 2017, Defendants Dunstan, Gibbons, Madison County Illinois, and Parente filed a motion to strike plaintiff's reply to defendant's response to plaintiff's Rule 37(e) motion (Doc. 89).

The aforementioned motions were referred to Magistrate Judge Daly, the involved parties filed briefing, and a hearing was set on plaintiff's motions for sanctions (Doc. 91). During the three-day hearing, Judge Daly heard testimony from Rob Dorman, Joseph D. Parente and Brian Rezabeck, and also heard

---

[1] In addition to the facts set forth above, the Court incorporates by reference the summary of the relevant background from Judge Daly's Report.

argument from the parties. The motions were taken under advisement.

Following the hearing, on February 13, 2018, Defendants Lakin and Madison County Sheriff's Department filed a motion to supplement their response to plaintiff's August 16, 2017 motions for sanctions (Doc. 103). Thereafter, on February 15, 2018, pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Daly issued her Report and Recommendation (Doc. 106), to which plaintiff objected (Doc. 107). In response to the objection, as mentioned above, defendants move to strike plaintiff's objection (Doc. 108).

1. **Defendants' Motion to Strike Plaintiff's Objection to Report and Recommendations (Doc. 108)**

The Court looks first to defendants' joint motion to strike plaintiff's objection to the Report and Recommendation filed on February 28, 2018 (Doc. 108). Plaintiff has not responded to the motion to strike. In its motion, defendant asserts that plaintiff's objection fails to comply with Local Rule 73.1(b), and therefore, should be stricken from the record. The Court agrees.

Local Rule 73.1(b) provides, in pertinent part:

> Any party may object to a Magistrate Judge's proposed dispositive findings, recommendations, or reports within 14 days after being served with a copy. The objecting party shall file with the Clerk of Court and serve on all parties written objections which shall specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for the objections.

Here, plaintiff fails to specifically identify the portions of the Report to which his objections are made and the basis for his alleged objections. Plaintiff simply

points out facts that were allegedly omitted from the Report. Plaintiff fails to articulate how inclusion of these allegedly omitted facts bear on the conclusions and recommendations set forth in the Report. Therefore, the Court finds that plaintiff's objections do not respond to the proposed findings advanced in the Report, and the Court **GRANTS** defendant's motion (Doc. 108) and **STRIKES** plaintiff's objections (Doc. 107).

2. **Report and Recommendation (Doc. 106)**

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b) also directs that the Court make a *de novo* determination of those portions of a report and recommendation to which specific written objections have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Whether to impose sanctions is a dispositive matter, necessitating *de novo* review. *See Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 869 (7th Cir. 1996) (explaining that "a request for sanctions, regardless of when made, is a dispositive matter"). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id*. However, the Court need not conduct

a *de novo* review of the findings of the Report for which no objections have been made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Judge Daly's Report recommends that the Court deny plaintiff's motions for sanctions (Docs. 76 &77); grant defendants' motion to strike plaintiff's reply (Doc. 89); and deny defendants' motion to supplement their response to plaintiff's motion for sanctions (Doc. 103). The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report.

In light of the Court's ruling above, the Court notes that the objections filed by plaintiff to the Report and Recommendation cannot be considered. Pursuant to 28 U.S.C. § 636(b), in which no specific objections to the Report are made, the Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Instead, the Court shall review the Report for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Having reviewed all portions of the Report and Recommendation to which no objections were made,

the Court is satisfied that, on its face, no clear error exists. Accordingly, the Court adopts Judge Daly's Report and Recommendation in its entirety (Doc. 106).

However, even if plaintiff's objections to the rulings on plaintiff's motions for sanctions (Doc. 76 & 77) triggered *de novo* review, the Court finds that Magistrate Judge Daly's Report and Recommendation (Doc. 106) survives a *de novo* review, as the Report is well-reasoned, thorough, and correctly applies the applicable law.

Upon review of Judge Daly's detailed Report and Recommendation, transcripts from the hearing, parties' briefs, and relevant law, the Court finds that Judge Daly's rulings were correct and plaintiff fails to make a persuasive case that sanctions are warranted. Looking to plaintiff's first motion for sanctions (Doc. 76), the Court agrees that sanctions are not reasonable in this instance because plaintiff failed to demonstrate prejudice or surprise as a result of defendants' late disclosures. Looking to plaintiff's second motion for sanctions (Doc. 77), the Court, after a thorough review of the record, agrees that plaintiff failed to satisfy the fourth and fifth prerequisites to imposing sanctions set forth by Rule 37(e). Therefore, plaintiff's objections are overruled based on the evidence presented and the very defects asserted in defendants' motion to strike (Doc. 108). The Court will not rehash the sound reasoning of the Report and Recommendation and will adopt it in its entirety.

## Conclusion

For the reasons stated above, the Court **GRANTS** defendants' joint motion to

strike plaintiff's objection to Judge Daly's Report and Recommendation (Doc. 108). Accordingly, the Court **STRIKES** plaintiff's objection (Doc. 107).

The Court **ADOPTS** Judge Daly's Report and Recommendation in its entirety (Doc. 106), as it survives both clear error and *de novo* review. Accordingly, the Court **DENIES** plaintiff's motion for sanctions (Doc. 76); **DENIES** plaintiff's Rule 37(e) motion for finding that county defendants acted with intent to deprive plaintiff access to electronically stored information that should have been preserved in anticipation of this litigation (Doc. 77); **GRANTS** defendants' motion to strike plaintiff's reply (Doc. 89); and **DENIES** defendants' motion to supplement their response to plaintiff's motion for sanctions (Doc. 103).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.15
11:03:44 -05'00'

**United States District Court Judge**