# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRADLEY A. LAVITE,**

        **Plaintiff,**

**v.**

**ALAN J. DUNSTAN,**
**JOSEPH D. PARENTE,**
**JOHN D. LAKIN,**
**THOMAS GIBBONS, AND**
**MADISON COUNTY, ILLINOIS,**

        **Defendants.**        **No. 16-cv-00882-DRH-RJD**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Before the Court is defendants' motion for leave to file dispositive motion out of time (Doc. 133). The Court directed plaintiff to respond to the motion, and plaintiff filed his opposition to the motion July 9, 2018 (Doc. 139). For the reasons stated below, the Court grants defendant's motion.

In their motion, defendants assert that they recently learned "the majority, if not all, of the issues contained in Counts I-VII of the First Amended Complaint can be resolved via Summary Judgment," and in light of the expired deadline for filing dispositive motions, defendants seek leave to file a motion for summary judgment out of time (Doc. 133).[1] Further, "defendants affirm this request is not meant to cause undue delay and/or prejudice, but rather is in the interest of judicial

---

[1] Defendants also have a motion to dismiss Count VIII pending before this Court (Doc. 129).

economy." It is not surprising that defendants only just learned about the extent of undisputed facts. Plaintiff urges the Court to deny defendants' motion because defendants failed to establish the good cause required to file a motion for summary judgment after the dispositive motions deadline has passed (Doc. 139).

The Court has discretion, under Federal Rule of Civil Procedure 6(b), to extend time to file a motion where that party shows that his or her failure was due to excusable neglect. In evaluating whether a party's omission constitutes excusable neglect, the Court must balance all relevant circumstances. See *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir.2006). The relevant circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016). Plaintiffs' counsel has, throughout this litigation, employed a complete lack of civility, a tactic rejected by the Seventh Circuit and the Illinois State Bar Association. His actions have been obstructive and at times contumacious. So if there is to be blame placed for this late discovery of undiputed facts and, as a consequence, the delay in this case relative to the seeming untimely filing of the subject motions is due to the plaintiffs' counsel obstructive actions.

Upon consideration of the circumstances in this case, and based on defendants' assertions, and in the interest of judicial economy, the Court believes good cause has been shown to allow defendants to file a motion for summary judgment out of time.

Therefore, the Court **GRANTS** defendants' motion for leave to file dispositive motion out of time (Doc. 133) and **VACATES** the upcoming trial date. The Court will notify the parties of a new trial date, if necessary, in due course.

Defendant shall file their motion for summary judgment **on or before August 10, 2018.** This necessitates removing the case from the trial docket on July 23, 2018. The case will be reset for trial and a meaningful final pretrial conference after the motions discussed have been ruled upon.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.12
04:03:35 -05'00'

**United States District Judge**